# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1685V

| | |
|---|---|
| SHARON STEPHENS,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 3, 2021<br><br>Special Processing Unit (SPU); Proffer; Influenza (Flu); Shoulder Injury Related to Vaccine Administration (SIRVA). |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for Respondent.

### **DECISION ON DAMAGES**[1]

On October 30, 2019, Sharon Stephens filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of her influenza ("flu") vaccine on August 29, 2018, she suffered a shoulder injury related to vaccination ("SIRVA") as defined on the Vaccine Injury Table (the "Table"). Petition (ECF No. 1) at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished opinion contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the opinion will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 15, 2021, I issued a ruling that Petitioner was entitled to compensation. ECF No. 23. On December 3, 2021, Respondent filed a proffer on an award of compensation, to which Petitioner agrees. ECF No. 28 (attached hereto as Exhibit A). Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $42,105.00 (representing $42,000.00 for pain and suffering and $105.00 for past unreimbursable expenses).** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SHARON STEPHENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-1685V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 30, 2019, Sharon Stephens ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of a flu vaccine administered on August 29, 2018.  Petition at 1.  On March 29, 2021, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report, recommending that entitlement to compensation be denied because petitioner's onset of left shoulder pain was not clearly within 48 hours of vaccination.  ECF No. 20.  On September 15, 2021, the Chief Special Master issued a Ruling on Entitlement.  ECF No. 23.  Specifically, the Chief Special Master found that "[t]he record contains preponderant evidence that Ms. Stephens developed left shoulder pain within 48 hours after vaccination."  ECF No. 23 at 7.  He further found "that Petitioner has established the other requirements for a Table SIRVA claim."  *Id.* at 8.

**I.     Items of Compensation**

    A.     Pain and Suffering

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, Sharon Stephens should be awarded $42,000.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.[1]

    B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents Sharon Stephens's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, petitioner should be awarded past unreimbursable expenses in the amount of $105.00, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Sharon Stephens should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $42,105.00,

---

[1] The parties have no objection to the amount of the proffered award of damages. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's September 15, 2021 entitlement ruling and underlying factual findings.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

representing compensation for pain and suffering ($42,000.00), and past unreimbursable expenses ($105.00), in the form of a check payable to petitioner, Sharon Stephens.

**III.     Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Sharon Stephens: **$42,105.00**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Email:  sarah.c.duncan@usdoj.gov

DATED:  December 3, 2021